IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 3-09-CV-2475-B |
| | § | NO. 3-06-CR-0334-B |
| SERGIO MARTIN ORTEGA | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Defendant Sergio Martin Ortega, a federal prisoner, has filed a motion to correct, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated herein, the motion should be denied.

I.

Defendant pled guilty to three counts of assaulting a federal officer with a dangerous weapon in violation of 18 U.S.C. § 111, and one count of possessing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A). After pleading guilty but before sentencing, defendant filed a motion to withdraw his guilty plea. The motion was denied. In accordance with the terms of the plea agreement, defendant was sentenced to 168 months confinement, a four-year term of supervised release, an a $400 mandatory special assessment. Defendant appealed his conviction and sentence. The Fifth Circuit affirmed. *United States v. Ortega*, 295 Fed.Appx. 645, 2008 WL 4473122 (5th Cir. Oct. 6, 2008). Defendant now seeks post-conviction relief pursuant to 28 U.S.C. § 2255.

II.

In three grounds for relief, defendant contends that: (1) he received ineffective assistance of counsel in connection with his guilty plea; (2) he was denied due process; and (3) he is actually innocent.

A.

The gravamen of defendant's ineffective assistance of counsel claim is that his attorney coerced a guilty plea by threatening that: (1) defendant would not receive a fair trial because of his immigration status; and (2) the judge, who was married to a police officer, would impose a harsher sentence if defendant proceeded to trial.

1.

It is axiomatic that a guilty plea is valid only if entered voluntarily, knowingly, and intelligently, "with sufficient awareness of the relevant circumstances and likely consequences." *Bradshaw v. Stumpf*, 545 U.S. 175, 183, 125 S.Ct. 2398, 2405, 162 L.Ed.2d 143 (2005), *quoting Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 1469, 25 L.Ed.2d 747 (1970). A plea is intelligently made when the defendant has "real notice of the true nature of the charge against him[.]" *Bousley v. United States*, 523 U.S. 614, 618, 118 S.Ct. 1604, 1609, 140 L.Ed.2d 828 (1998), *quoting Smith v. O'Grady*, 312 U.S. 329, 334, 61 S.Ct. 572, 574, 85 L.Ed. 859 (1941). A plea is "voluntary" if it does not result from force, threats, improper promises, misrepresentations, or coercion. *See United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997). The Fifth Circuit has identified three core concerns in a guilty plea proceeding: (1) the absence of coercion; (2) a full understanding of the charges; and (3) a realistic appreciation of the consequences of the plea. *See United States v. Gracia*, 983 F.2d 625, 627-28 (5th Cir. 1993). Compliance with the admonishments required under

Rule 11 of the Federal Rules of Criminal Procedure provides "prophylactic protection for the constitutional rights involved in the entry of guilty pleas." *See id.* at 627.

2.

On direct appeal, defendant challenged the validity of his guilty plea on the same grounds asserted herein--that the plea was induced by threats from counsel that his status as an illegal alien would weigh against him, and that the judge would be "rough" on him because she was married to a police officer. (*See* App. Br. at 23-24). The Fifth Circuit rejected these arguments, holding that "Ortega's original guilty plea was knowing and voluntary." *Ortega*, 2008 WL 4473122 at *1. Consequently, defendant cannot relitigate this aspect of his ineffective assistance of counsel claim in a section 2255 motion. *See United States v. Kalish*, 780 F.2d 506, 508 (5th Cir.), *cert. denied*, 106 S.Ct. 1977 (1986), *citing United States v. Jones*, 614 F.2d 80, 82 (5th Cir.), *cert. denied*, 100 S.Ct. 2174 (1980) (claims raised and resolved in a prior appeal may not be revisited on collateral review).

3.

Defendant also presents a laundry list of other reasons why he received ineffective assistance of counsel in connection with his guilty plea. In particular, defendant alleges that his attorney: (1) misrepresented that defendant would be tried in state court for attempted capital murder if he did not plead guilty to the federal charges; (2) was biased against defendant; (3) failed to investigate the case; and (4) did not assert an actual innocence claim in post-plea proceedings. (*See* Def. Mem. Br. at 8). None of these claims, most of which are conclusory in nature, merit post-conviction relief.

In the written plea agreement, defendant represented that his "plea of guilty is freely and voluntarily made and is not the result of force, threats, or of promises apart from those set forth in this plea agreement." (*See* Gov't Resp. App., Exh. 7 at 5, ¶ 10). Similar representations were made

by defendant at rearraignment. Before accepting defendant's guilty plea, the judge inquired:

> THE COURT: Mr. Ortega Martin, has anyone threatened you or in any way pushed you or made you feel forced to plead guilty?
>
> THE DEFENDANT: No, Your Honor.
>
> THE COURT: Has anyone promised you any kind of a benefit that's not in this plea agreement to get you to plead guilty?
>
> THE DEFENDANT: No, Your Honor.
>
> THE COURT: Are you pleading guilty freely and voluntarily just because you are guilty of these counts and for no other reason?
>
> THE DEFENDANT: Yes, Your Honor.

(*Id.*, Exh. 2 at 8-9). The judge also asked defendant if he was "fully satisfied, at this point, . . . with your counsel's representation and advice?" (*Id.*, Exh. 2 at 5). Defendant responded, "Yes, Your Honor." (*Id.*). This sworn testimony carries a strong presumption of veracity in a subsequent habeas proceeding. *See Blackledge v. Allison*, 431 U.S. 63, 73-74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977).

In a thinly-veiled attempt to avoid the clear language of the plea agreement and his prior testimony, defendant belatedly protests that he pled guilty because his attorney misrepresented the possibility of being prosecuted in state court for attempted capital murder. Contrary to defendant's argument, Texas law recognizes the crime of attempted capital murder. *See Kemp v. State*, ___ S.W.3d ___, 2009 WL 4405793 at *2 (Tex. App.--Houston [14 Dist.], Dec. 3, 2009, no pet.), *quoting* TEX. PENAL CODE ANN. § 15.01(a) (Vernon 2003) ("An individual commits the offense of attempted capital murder if [ ] 'he does an act amounting to more than mere preparation that tends but fails to effect the commission of capital murder, [ ] with specific intent to commit capital murder."). Counsel did not misrepresent that such a crime exists. Nor is there any evidence in the record to

support defendant's claim of racial bias on the part of his attorney. *See Salazar v. United States*, No. 3-08-CV-1799-L, 2008 WL 4791461 at *3 (N.D. Tex. Oct. 31, 2008) (conclusory assertions in section 2255 motion do not overcome presumption of verity attached to prior testimony that guilty plea was knowing and voluntary).

With respect to his allegation that defense counsel failed to investigate the case, defendant appears to criticize his attorney for not contacting "several witnesses who were not illegal immigrants," and for overlooking evidence that defendant did not fire the gun at the officers. (*See* Def. Mem. Br. at 10). However, defendant does not identify any of these potential witnesses, much less show that they were available and willing to testify on his behalf. *See Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009) (to prove that counsel was ineffective for failing to call a witness, defendant must demonstrate, *inter alia*, that the witness was available to testify at trial and would have done so). The allegation that counsel overlooked certain evidence was thoroughly addressed at the hearing on defendant's motion to withdraw his guilty plea. At the hearing, defense counsel acknowledged that he did not send defendant copies of discovery materials before the plea hearing. But counsel told the judge that he met with defendant on at least two occasions to review the discovery in person. (*See* Gov't Resp. App., Exh. 4 at 22). After pleading guilty, defendant again demanded copies of all discovery materials, and counsel provided them to his client. (*Id.*, Exh. 4 at 23-24). Counsel went on to explain:

> And after reviewing all the discovery, Mr. Ortega advised me that he thinks it's very significant that the discovery in the case shows there was no gunpowder residue on his hands and that there were no fingerprints on the firearm.
>
> That's something I knew about, of course, having reviewed the discovery. That was something I took into consideration when negotiating this plea agreement with [the prosecutor].

> And it's something that I thought was of no significance because the way I understood the case, whether or not Mr. Ortega fired the gun was never the issue. The issue was what Mr. Ortega knew or should have known at the time he fired the gun. And so whether or not he actually did it was not a particularly significant issue.
>
> However, I do want to say that I have written Mr. Ortega on six different occasions and told him that if he disagrees with me and that the lack of fingerprints on the firearm and gun residue on his hands is something very significant to him and that he would have gone to trial absent--if he had known that and that our review of the discovery wasn't enough for him to know about that, even though he told me he was satisfied with the review of the discovery, that I would personally come to the Court and say that was a mistake and it shouldn't have happened and that, in my opinion, he should be allowed to withdraw his plea and go to trial.
>
> So absent Mr. Ortega taking me up on that offer, I don't see what prejudice there is to him about not knowing about the fingerprints beforehand, especially when he told me we had reviewed his written discovery to his satisfaction.

(*Id.*, Exh. 4 at 24-25). In view of this explanation, which was not contradicted by defendant at the hearing, the court determines that his guilty plea was not induced by the failure to receive the discovery materials earlier.

Defendant also faults his attorney for failing to apprise the court of his actual innocence claim. Evidently, defendant believes he is innocent because there is no physical evidence that he fired the gun and he did not know the persons he shot at were law enforcement officers. (*See* Def. Mem. Br. at 10-11). As previously discussed, defense counsel disclosed to the court that "discovery in the case shows there was no gunpowder residue on [defendant's] hands and that there were no fingerprints on the firearm." (*See* Gov't Resp. App., Exh. 4 at 24). Notwithstanding that disclosure, the judge refused to let defendant withdraw his guilty plea. Perhaps the judge thought it more significant that in the factual resume, defendant *admitted* to firing the gun at an ATF agent and two Dallas police officers. (*Id.*, Exh. 8 at 3). Although defendant refused to admit that he knew the

persons he shot at were federal officers or assisting federal officers, (*see id.*), such knowledge is not an element of the offense. "[T]he only criminal intent required in order to violate § 111 is the intent to do the acts specified . . . There is no requirement that the defendant be aware of the official status of the person assaulted." *United States v. Moore*, 958 F.2d 646, 649 (5th Cir. 1992), *citing United States v. Feola*, 420 U.S. 671, 686, 95 S.Ct. 1255, 1264, 43 L.Ed.2d 541 (1975). Thus, counsel was not ineffective for failing to assert an actual innocence claim on behalf of defendant. This ground for relief should be overruled.

B.

Next, defendant contends that he was denied due process because the district court judge: (1) was biased against him; (2) failed to recuse; (3) never assured defendant that he would receive a fair trial regardless of his race and immigration status; and (4) did not tell defendant that he would be punished "according to the law." (*See* Def. Mem. Br. at 12). The government counters that defendant waived his right to seek post-conviction relief on these grounds as part of the plea agreement.

A defendant can waive his right to appeal and to seek post-conviction relief as part of a plea agreement if the waiver is informed and voluntary. *See United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). "It is up to the district court to insure that the defendant fully understands [his] right to appeal and the consequences of waiving that right." *Id.*, *quoting United States v. Baty*, 980 F.2d 977, 979 (5th Cir. 1992), *cert. denied*, 113 S.Ct. 2457 (1993). Here, the plea agreement signed by defendant provides, in pertinent part:

> Defendant waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his conviction and sentence. Defendant further waives his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. Defendant, however, reserves

> the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of his plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

(Gov't Resp. App., Exh. 7 at 5, ¶ 11). This provision was specifically pointed out to defendant at rearraignment. (*Id.*, Exh. 2 at 7). Defendant acknowledged the waiver provision and said he understood that he could not appeal or challenge his sentence except on the limited grounds set forth in the plea agreement. (*Id.*). Because defendant's due process claim is not one of the grounds on which he may appeal or seek post-conviction relief, the claim is barred from federal habeas review.

### C.

Finally, defendant argues that he is actually innocent and that his conviction is "an abomination to the interests of justice." (*See* Def. Mem. Br. at 14). This claim fails for two reasons. First, a claim of actual innocence is insufficient to merit federal habeas relief absent an underlying constitutional violation. See *Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000), *cert. denied*, 121 S.Ct. 1250 (2001), *quoting Herrera v. Collins*, 506 U.S. 390, 400, 113 S.Ct. 853, 860, 122 L.Ed.2d 203 (1993). Second, there is no evidence that defendant is innocent. The factual resume signed by defendant states that he fired the gun, (*see* Gov't Resp. App., Exh. 8 at 3), and the government was not required to prove that defendant knew the persons he shot at were law enforcement officers in order to obtain a conviction. See *Moore*, 958 F.2d at 649. This ground for relief is without merit.

### **RECOMMENDATION**

Defendant's motion to correct, vacate, or set aside sentence should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file

specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 8, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE